IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY LEIR ROLLINS,

                Plaintiff,

  v.                                                                        OPINION & ORDER

ROBERT W. DOYLE, TAYLOR M. ORICK,                      18-cv-480-jdp
MICHAEL J. JULSON, and ANDREW J. JEZUIT,

                Defendants.

---

Plaintiff Gregory Leir Rollins, appearing pro se, is a prisoner at the Columbia Correctional Institution. He alleges that he was injured when he slipped on a puddle of water on a staircase at the prison. Rollins has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Rollins's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Rollins's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

There are two major problems with Rollins's complaint that prevent me from allowing the case to go forward at this time. First, he names four people as defendants, who I presume are employees at CCI. But he does not explain what their jobs are or what any of them had to do with the events mentioned in his complaint. He says that prison officials should have placed a sign or something else to warn prisoners about the puddle. But he does not explain why he thinks these particular defendants are responsible for the failure to warn prisoners. Therefore,

his complaint violates Federal Rule of Civil Procedure 8; a complaint must provide notice to a defendant of what the plaintiff alleges the defendant did to violate his rights.

Second, Rollins's allegations, at least as presently constructed, do not support a claim under federal law. At most what he has alleged is that prison officials negligently failed to warn prisoners of the puddle. But to state a claim that officials violated his constitutional rights, he needs to allege facts that could show that prison officials were aware of a substantial risk of harm to him and acted with deliberate indifference to the risk. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).

I will dismiss Rollins's complaint and give him an opportunity to file an amended complaint that fixes these problems. *See, e.g., Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that a pro se plaintiff should be given an opportunity to amend his complaint before the court dismisses the complaint with prejudice).

Rollins should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide. Specifically, he should explain what each of the named defendants did to violate his rights. If Rollins fails to submit an amended complaint by the deadline set below, I will dismiss the complaint for failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Gregory Leir Rollins's complaint is DISMISSED under Federal Rule of Civil Rule of Procedure 8.

2. Plaintiff may have until September 25, 2018, to submit an amended complaint that complies with Rule 8.

Entered September 4, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge