IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY LEIR ROLLINS,

     Plaintiff,

 v.                    ORDER

ROBERT W. DOYLE, TAYLOR M. ORICK,       18-cv-480-jdp
MICHAEL J. JULSON, and ANDREW J. JEZUIT,

     Defendants.

---

  Plaintiff Gregory Leir Rollins, appearing pro se, is a prisoner at Columbia Correctional Institution. He alleges that he was injured when he slipped on a puddle of water on a staircase at the prison. In a September 4, 2018 order, I dismissed Rollins's complaint because it had two major problems: I could not tell what each of the four people he named as defendants did to violate his rights, and at most he alleged that defendants were negligent, which is not enough to support a claim that this federal court can hear. *See* Dkt. 12. I gave Rollins a chance to provide an amended complaint that fixed these problems. *Id.*

  Rollins has now filed a proposed amended complaint in which he drops a couple of the defendants and adds in five "John Doe" defendants. Dkt. 13. Rollins's new allegations better explain the role each defendant played in failing to prevent the accident or in treating him after it. But Rollins still does not state a constitutional claim over which this court has jurisdiction.

  As I stated in the previous order, defendants' failure to prevent the accident itself at most states a state-law negligence claim. Federal courts have generally concluded that slippery floors, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling

on them does not constitute a substantial risk of serious harm. *See, e.g.*, *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Reynolds v. Powell*, 370 F.3d 1028, 1031, 1032 (10th Cir. 2004) ("[S]lippery floors constitute a daily risk faced by members of the public at large. . . . [T]here is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." (citation omitted)). Nor does he suggest that there is anything unique about the case, such as defendants' knowledge of his disability and previous falls, that might convert this garden-variety negligence case to a constitutional one. *See e.g.*, *Johnson v. Martinez*, 68 F. App'x 66 (9th Cir. 2003); *Frost v. Agnose*, 152 F.3d 1124, 1129 (9th Cir. 1998).

I also take Rollins to be attempting to bring claims about his medical treatment following the incident. He states that he was given pain medication, ice, and crutches, but not treated further with x-rays and a "concussion protocol." Dkt. 13, at 2. But he does not include any facts to suggest that he actually sustained a serious physical injury necessitating x-rays, and the failure to perform extra concussion tests alone is not enough to support an Eighth Amendment claim that defendants were deliberately indifferent to his medical needs. He admits that he received treatment from Health Services Unit nurses, so at most he has stated a state-law medical malpractice claim. As with the negligence claim, this federal court cannot consider a Wisconsin medical malpractice claim unless he were to show that the requirements for the court's diversity jurisdiction are met, which he does not do.

Rollins alleges that he is a Wisconsin citizen. *See* Dkt. 1, at 1. He does not allege the citizenship of defendants, but it is implausible to think that none of them are Wisconsin

citizens, and he states that he seeks only $60,000 in damages. So the requirements for this court's diversity jurisdiction are not met. See 28 U.S.C. § 1332.

Because Rollins's amended complaint does not state any claims that this court can consider, I will dismiss the case. Rollins remains free to file his lawsuit in state court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of subject-matter jurisdiction.

2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered October 18, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge